# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

     Plaintiff

v.

EVER ANTONIO ALVARADO-
CORONADO,

     Defendant

Case No.: 2:18-cr-00095-APG-NJK

**Order Denying Motion to Vacate, Set
Aside, or Correct Sentence**

[ECF No. 262]

     Defendant Ever Antonio Alvarado-Coronado moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for conspiracy to distribute a controlled substance. ECF No. 262.  He argues he received ineffective assistance of counsel (Ground 1); his rights under the Fourth, Fifth, and Fourteenth Amendments were violated[1] (Ground 2); his criminal history points were miscalculated (Ground 3); and his conviction lacked supporting evidence (Ground 4).  The United States opposes, contending none of the claims has merit and that Alvarado waived Grounds 2, 3, and 4.  I deny Alvarado's motion because his ineffective assistance claim is meritless, and he waived his right to challenge his sentence under any other theory.

## BACKGROUND

     Alvarado pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) and was sentenced to 156 months in custody and five years of supervised release. ECF No. 223.  Alvarado's plea agreement waived his right to collaterally attack his sentence except for claims of ineffective assistance of counsel.

---

[1] Ground 2 also alleges Alvarado's Sixth Amendment rights were violated, but this appears to repeat his argument in Ground 1.

ECF No. 180 at 11.  He appealed to the U.S. Court of Appeals for the Ninth Circuit, but

voluntarily dismissed the appeal. ECF Nos. 224, 241.  Alvarado now moves under 28 U.S.C.

§ 2255(a), which permits a prisoner to attack his sentence if it "was imposed in violation of the

Constitution or laws of the United States."

## ANALYSIS

### A.  Ground 1: Ineffective Assistance of Counsel

Alvarado argues he received ineffective assistance of counsel because his lawyer did not

raise "fundamental facts," including lack of discovery and errors in the calculation of his

criminal history points. ECF No. 262 at 4.  He also argues his lawyer did not sufficiently

advocate for a downward departure from the sentencing guidelines under 18 U.S.C. § 3553.  The

United States responds counsel exercised sound professional judgment in declining to raise

Alvarado's meritless arguments and was not ineffective where counsel secured a significant

downward departure from the guidelines.  It also argues Alvarado cannot show he suffered

prejudice from any alleged error.

To succeed on an ineffective assistance of counsel claim, Alvarado "must prove (1) that

his counsel's performance fell below an objective standard of reasonableness . . . and (2) that

there is a reasonable probability of a more favorable outcome if counsel performed effectively."

*Rogers v. Dzurenda*, 25 F.4th 1171, 1181 (9th Cir. 2022).  Alvarado "must show that counsel

made errors so serious that [he was] not functioning as the counsel guaranteed by the Sixth

Amendment." *Id.* (simplified).  There is "a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Creech v. Richardson*, 59 F.4th

372, 384 (9th Cir. 2023) (quotation omitted).

Alvarado's ineffective assistance claim is meritless and unsupported by the record.  His lawyer advocated for a significant downward variance under § 3553.  Counsel filed a thorough sentencing memorandum addressing § 3553 and requesting a 120-month sentence rather than the guideline recommendation of 235-293 months. ECF Nos. 213, 236 at 7.  At the sentencing hearing, counsel discussed mitigating factors and asked that I "follow the recommendation as set forth in [the] memorandum." ECF No. 236 at 11-12.  I varied significantly downward by imposing a sentence of 156 months. *Id*. at 18.  There is no evidence that counsel performed deficiently by failing to argue for a downward departure.

Alvarado also asserts his eight-point criminal history calculation was erroneous because California reclassified a prior state marijuana conviction from a felony to a misdemeanor. *See* ECF No. 262 at 17-20.  He argues that, as a misdemeanor, the conviction should count for one point rather than two.  But even if the reclassification would have reduced his criminal history calculation by one point, there is no probability of a more favorable sentence.  With a calculation of seven points, Alvarado would have remained in Criminal History Category IV. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table).  His ineffective assistance claim thus fails under this theory.[2]

Alvarado next contends that President Biden's pardon of United States citizens and lawful permanent residents convicted under federal law for simple possession of marijuana should reduce the points for his marijuana conviction to zero. *See* Proclamation No. 10467, 87 Fed. Reg. 61,441 (Oct. 6, 2022).  Alvarado appears ineligible for the pardon because he is not a

---

[2] In Ground 2, Alvarado argues the unlawful reentry statute, 8 U.S.C. § 1326, violates his constitutional rights.  To the extent he argues counsel erred in failing to challenge the inclusion of his prior § 1326 conviction in his criminal history calculation, counsel's decision was not below an objective standard of reasonableness where nearly all courts have rejected the proposition that § 1326 violates the Constitution. *See United States v. Barcenas-Rumualdo*, 53 F.4th 859, 865 & n.15 (5th Cir. 2022) (noting most courts agree § 1326 is constitutional).

United States citizen or lawful permanent resident, and his conviction was under state law.  But even if the pardon applies to Alvarado, it was issued after his April 21, 2021 sentencing, so counsel did not perform deficiently in failing to raise it. *See* ECF No. 236.

Finally, Alvarado challenges his counsel's failure to raise "lack of discovery." ECF No. 262 at 4.  Alvarado does not elaborate on this allegation.  If he refers to the alleged recordings of drug sale calls discussed in Ground 4, he does not explain how he was prejudiced by the failure to obtain those recordings.  Alvarado vaguely states that the recordings prove his "[i]ntentions" and "qu[e]stion" the intentions of a confidential informant and the FBI. ECF No. 262 at 8.  But he does not identify with any specificity the recordings' contents, why their production would have benefited his case, or how his counsel's performance fell below an objective standard of reasonableness by failing to obtain them.  His vague and bare allegations are not sufficient to merit relief. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).  Furthermore, when Alvarado pleaded guilty, he admitted there was a sufficient factual basis for his plea. ECF No. 233 at 23-24, 26.  Thus, I deny his motion as to Ground 1.

**B.  Waiver of Grounds 2, 3, and 4**

Because the right to collaterally attack a conviction under § 2255 is statutory, a defendant can waive most grounds for attack if the waiver was knowing and voluntary. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).  The waiver in Alvarado's plea agreement thus bars Grounds 2, 3, and 4.  But a waiver under § 2255 does not necessarily forfeit the right to challenge the waiver itself, such as by disputing that the waiver was knowing and voluntary. *Id.* Whether a waiver was knowing and voluntary depends on "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016) (quotation omitted).  Alvarado does not address

1  waiver in his motion or argue that his waiver was not knowing and voluntary.  But even if I

2  construe his pro se motion to make that argument, there is no evidence supporting it.  At his

3  change of plea hearing, I advised Alvarado that by accepting the plea agreement, he was waiving

4  all collateral challenges except those based on ineffective assistance of counsel. ECF No. 233 at

5  20-21.  He stated he understood he was waiving his collateral attack rights, that he fully

6  understood the plea agreement, and that he entered the agreement knowingly and voluntarily. *Id.*

7  at 21.  I deny his motion as to Grounds 2, 3, and 4 because they are waived.[3]

8       Alvarado also challenges the First Step Act in his memorandum of law.  That law does

9  not appear related to his sentence.  But even if it were, he waived any right to challenge it under

10  § 2255.

11  **C.  Hearing**

12       I must hold a hearing on a § 2255 motion "[u]nless the motion and the files and records

13  of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

14  "Mere conclusory allegations do not warrant an evidentiary hearing." *Shah*, 878 F.2d at 1161.

15  Most of Alvarado's claims are indisputably barred by the waiver in his plea agreement.  And his

16  ineffective assistance of counsel claim is based on conclusory assertions unsupported by the

17  record.  Thus, no hearing on his motion is necessary.

18  **D.  Certificate of Appealability**

19       Alvarado cannot appeal my ruling unless I issue a certificate of appealability. 28 U.S.C.

20  § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  To obtain that certificate, he "must make a substantial

21  showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

22

23  [3] The government also contends Grounds 2, 3, and 4 are procedurally defaulted because Alvarado did not raise them on direct appeal.  I need not address this issue because the plea agreement bars those grounds.

This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotation omitted).  Where I did not reach the merits of Alvarado's motion on procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

I decline to issue a certificate of appealability.  Because the record conclusively shows counsel was not ineffective, no reasonable jurist would debate whether the petition should be resolved in a different manner or whether the presented issues were adequate to proceed further.  Furthermore, because Alvarado knowingly, voluntarily, and unambiguously waived his collateral attack rights except for ineffective assistance of counsel claims, no reasonable jurist would debate whether his waiver bars Grounds 2, 3, and 4.

## CONCLUSION

I THEREFORE ORDER that defendant Ever Antonio Alvarado-Coronado's motion under 28 U.S.C. § 2255 **(ECF No. 262) is DENIED**.

I FURTHER ORDER that Alvarado is denied a certificate of appealability.

I FURTHER ORDER the clerk of court to enter a separate civil judgment denying Alvarado's motion in the related civil case number 2:22-cv-02022-APG.

DATED this 5th day of April, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE